UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>RONALD J. HEDGES<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING, JR.<br>FEDERAL BUILDING AND COURTHOUSE<br>50 WALNUT STREET<br>NEWARK, NJ 07101<br>973-645-3827 |

June 9, 2005

## LETTER-OPINION AND ORDER
## ORIGINAL FILED WITH CLERK OF THE COURT

Esteban Sarmiento
4 Ainslie Ct.
East Brunswick, NJ 08816

Nicole Suzanne Morgan
State of New Jersey Department of Law
Employment Litigation Section
25 Market St.
P.O. Box 112
Trenton, NJ 08625-0112

      Re:    Sarmiento v. Montclair State University
              Civil Action No. 04-4176 (WJM)

Dear Litigants:

### INTRODUCTION

This matter comes before me on plaintiff's application for appointment of pro bono counsel. I have considered the papers submitted in support of this application. There was no oral argument. See Rule 78.

### BACKGROUND

Plaintiff Esteban E. Sarmiento ("Plaintiff") is an anthropologist with a Ph.D. in Physical

Anthropology who has taught at numerous college and universities, has published many articles and has much research experience.  In October 2001, plaintiff applied for a tenure-track position in biological anthropology at Montclair State University ("Defendant") for which he allegedly was well-qualified.   Plaintiff claims that defendant failed to give him an interview or hire him due to his race, color, national origin, and age.  Plaintiff contends that the candidate who was hired for the position was a white woman with less education, little teaching experience, a poor publication record, and limited writing experience.  Plaintiff filed this action pursuant to Title VII, § 1981, Age Discrimination in Employment Act (ADEA), and the New Jersey Law Against Discrimination (NJLAD).  The § 1981, ADEA, and NJLAD claims were dismissed and the Title VII claim remains.  He seeks appointment of counsel.

## DISCUSSION

Indigent litigants have no right to appointed counsel in civil cases.  Tabron v. Grace, 6 F. 3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). District courts are given the authority to appoint counsel to represent indigent litigants in meritorious civil cases.  29 U.S.C. § 1915(e).  There are many factors which must be considered in making a decision to appoint counsel.  Initially, there is the threshold issue of whether the plaintiff's claim has some merit in fact and law. Tabron, 6 F.3d at 155.  If the claim has "some merit in fact and law," the court should then consider other factors such as:  (1) plaintiff's ability to present his case; (2) the complexity of the legal issues; (3) the extent of factual discovery, and plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether plaintiff can attain and afford counsel on his own behalf.  6 F.3d at 155-56; Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997).  This list of factors is not exhaustive.  Parham, 126 F.3d at

457.

In his application for appointment of counsel, plaintiff states that he is unemployed and unable to afford an attorney. Plaintiff has not demonstrated indigent status or been granted application to proceed in forma pauperis. However, for the purposes of this analysis, I will assume that plaintiff is indigent and cannot afford counsel.

I.   *Whether Plaintiff's Claim Has "Some Merit in Fact and Law"*

The merits in fact and law of the plaintiff's claim must be considered as a threshold matter. See Tabron, 6 F.3d at 155. Plaintiff's § 1981, ADEA and NJLAD claims have been dismissed based on the Eleventh Amendment. However, I am persuaded that plaintiff's remaining Title VII claim has some merit in fact and law.

II.   *Tabron/Parham Factors*

    A.   Plaintiff's Ability to Present His Case

Plaintiff is a well-educated man with a Ph.D. He has authored many articles and has taught in many universities and colleges. He has been a research associate at The Museum of Natural History since 1985. He is very literate and has not provided any information that he lacks the resources necessary to present his case effectively. I am unable at this time to see how plaintiff may be rendered incapable of effectively presenting his case. Therefore, this factor weighs against appointment of counsel.

    B.   Complexity of Legal Issues

Courts should be more inclined to appoint counsel if the legal issues presented are complex. See Tabron, 6 F.3d at 156. This case is based on a discrimination claim. I see no

evidence in the record that would suggest that plaintiff is unable to comprehend the issues involved and to present these effectively. I am not persuaded that the legal issues are particularly complex and would require appointment of counsel. This factor therefore weighs against appointment of counsel.

      C.      <u>Extent of Factual Investigation</u>

The facts are not complicated. Plaintiff is not confined and is capable of securing the documents which would seem to be required to prove the elements of his case. Consequently, this factor weighs against appointment of counsel.

      D.      <u>Extent to Which Case May Turn on Credibility Determinations</u>

Although credibility determinations may be important, there is more required in order to find this factor for appointment of counsel. "Courts should consider whether the case [will be] solely a swearing contest." <u>Parham</u>, 126 F.3d at 454. Although some questions of fact may rest on credibility, there would appear to be documents that bear on factual determinations. Such documents include those regarding the hiring practices of defendant, the qualifications needed for the position in issue and the qualifications of the plaintiff. Therefore, this factor weighs against appointment of counsel.

      E.      <u>Whether Expert Testimony Will Be Required</u>

In the present case, expert testimony will not be required. Thus, this factor weighs against appointment of counsel.

      F.      <u>Whether the Plaintiff Can Attain and Afford Counsel on His Own Behalf</u>

The plaintiff states that he is "at the moment unable to afford an attorney." The court should not appoint counsel if litigant could afford or easily obtain counsel, yet has made no effort to retain an attorney. <u>See</u> <u>Tabron</u>, 6 F.3d at 157. This does not seem to be the case in this

instance. Therefore, this factor weighs in favor of appointment of counsel.

III.   *Summary*

Although I appreciate plaintiff's representation that he cannot afford counsel, I am not persuaded that he would be unable to present his case effectively, that the legal issues involved are too complex, that factual discovery would be extensive, or that credibility determinations or expert testimony require appointed counsel.

## **CONCLUSION**

For the reasons set forth above, plaintiff's application for pro bono counsel is DENIED without prejudice.

SO ORDERED.

s/ Ronald J. Hedges<br>
United States Magistrate Judge