# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

September 4, 2007

Esteban Sarmiento
4 Ainslie Ct.
East Brunswick, NJ 08816

    (*Plaintiff Pro Se*)

Anne Milgram
First Assistant Attorney General
Nicole S. Morgan
Deputy Attorney General
Office of the Attorney General, State of New Jersey
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, NJ 08625-0112

    (*Attorney for Defendant*)

    **RE:   Esteban Sarmiento v. Montclair State Univ.,
            Civ. No. 04-4176 (WJM)**

Dear Counsel:

    This matter comes before the Court on Plaintiff's Motion for Reconsideration of this Court's May 9, 2007 Opinion and Order granting summary judgment in favor of Defendant Montclair State University ("MSU").  For the reasons expressed herein, Plaintiff's motion is **DENIED**.

## BACKGROUND AND PROCEDURAL HISTORY

*Pro se* Plaintiff Esteban E. Sarmiento, a Hispanic male with a Ph.D. in Physical Anthropology, brought an employment discrimination action against MSU based on the university's decision not to hire Plaintiff for a tenure-track position as Assistant Professor of Biological Anthropology. (Compl. ¶¶ 8-11, 14.) Plaintiff argued that race, color and national origin discrimination played a role in MSU's decision, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). This Court granted summary judgment in favor of MSU, finding that the factual issues raised by the plaintiff did not provide sufficient evidence to allow a reasonable juror to conclude that MSU's proffered reasons for Plaintiff's non-selection were a pretext for discrimination. *Sarmiento v. Montclair State Univ.*, No. 04-4176, 2007 U.S. Dist. LEXIS 33969, at **63-64 (D.N.J. May 9, 2007).

On May 14, 2007, Plaintiff filed a Notice of Appeal with the U.S. Court of Appeals for the Third Circuit, requesting review of this Court's grant of summary judgment. Plaintiff then filed the instant Motion for Reconsideration with this Court on May 30, 2007.

## DISCUSSION

In defending against summary judgment, Plaintiff argued that the discrepancy between his credentials and those of the three finalists who were interviewed for the position he sought was so great that it could bear the entire burden of allowing this Court to find that a reasonable trier of fact to conclude that MSU's explanations were pretextual.[1] In support of this argument, Plaintiff relied heavily on a document purporting to be an expert report. In that report, Columbia University professor Ralph Holloway evaluated Plaintiff's qualifications relative to those of the other applicants, and concluded that "there is no clear objective reason" why Plaintiff was not brought in to interview, why he was not ranked

---

[1] Only the facts relevant to the instant motion are discussed herein. The parties are referred to this Court's May 9, 2007 opinion for a complete recitation of the facts and procedural history in this matter. *See Sarmiento v. Montclair State Univ.*, No. 04-4176, 2007 U.S. Dist. LEXIS 33969 (D.N.J. May 9, 2007).

above the three finalists, and why he was not offered the position.

This Court found that even if it were inclined to conclude that Dr. Holloway's report was relevant, the report was not competent evidence for several reasons. We noted that in addition to the report's failure to meet the technical requirements of Fed. R. Civ. P. 56(e), neither Plaintiff's affidavit nor Dr. Holloway's report gave any indication that Dr. Holloway was competent to render an opinion on the matters discussed in the report. *See Sarmiento*, 2007 U.S. Dist. LEXIS 33969, at *25 n.6. Dr. Holloway merely identified himself as a Professor in the Department of Anthropology at Columbia University, and noted that his opinions were rendered "[b]ased upon [his] expertise," without any further information about his relevant experience or qualifications. *See id.*

Plaintiff now offers Dr. Holloway's *curriculum vitae* ("CV"), which Plaintiff contends he inadvertently left out of his papers opposing summary judgment. (Pl.'s Br. 2.) Plaintiff argues that his *pro se* status and lack of familiarity with the rules of the court are "excusable neglect" within the meaning of Rule 60(b). Plaintiff also contends that the expert's CV was already a part of the record before the Court, because it was submitted to the Magistrate Judge and to the Defendant in a timely manner during the discovery period; that the Defendant did not object to the submission of the expert's report; and that the Defendant elected not to depose Dr. Holloway. (Pl.'s Br. 2.) Plaintiff now asks this Court to accept Dr. Holloway's expert report as competent evidence, and to reconsider whether summary judgment in favor of MSU remains appropriate.

For the reasons discussed in detail below, this Court must reject Plaintiff's motion on multiple, independent grounds.

## I.  Plaintiff's Motion is Procedurally Improper

Plaintiff's motion relies on Fed. R. Civ. P. 60(b), which governs relief from judgments. Plaintiff's motion is captioned "Motion for Reconsideration," however, and is therefore addressed by Defendant under this District's Local Civil Rule 7.1(i) on motions for reconsideration. The Court need not determine how best to characterize Plaintiff's motion, however, because the Court finds no basis for relief under either Rule.

### A.     Local Civil Rule 7.1(i)

Motions for Reconsideration under Local Civil Rule 7.1(i) must be served and filed within 10 business days after the entry of the original order.  This Court entered summary judgment on May 9, 2007, but Plaintiff's motion was not filed until May 30, 2007.  Plaintiff's motion was therefore untimely under Rule 7.1(i).  The Court could deny Plaintiff's motion on this basis alone.  *See XL Specialty Ins. Co. v. Westmoreland Coal Co.*, No. 06-1234, 2006 U.S. Dist. LEXIS 54233, at *4 (D.N.J. Aug. 4, 2006).

Although it is within the Court's discretion to relax this deadline, the timing of Plaintiff's motion is problematic in a more significant respect — Plaintiff's Motion for Reconsideration was filed *after* his Notice of Appeal to the Third Circuit.  Generally, the timely filing of a notice of appeal is an event of "jurisdictional significance," which immediately confers jurisdiction on the court of appeals "and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Venen v. Sweet*, 758 F.2d 117, 120-21 (3d Cir. 1985).  The Third Circuit has identified several extremely limited instances in which a district court retains its power to act after the timely filing of a notice of appeal.  For example, a district court may "review attorney's fees applications, order the filing of bonds, modify or grant injunctions, issue orders regarding the record on appeal, and vacate bail bonds and order arrests."  *In re Merck & Co. Sec. Litig.*, 432 F.3d 261, 267-68 (3d Cir. 2005).  In this Court's view, Plaintiff's motion does not raise issues of the type which would allow the Court to retain its power to act in this situation.

Regardless, even if the Court were inclined to relax the ten-day deadline in deference to Plaintiff's *pro se* status, <u>and</u> conclude that it has jurisdiction to consider Plaintiff's motion, the Court would nonetheless deny Plaintiff's motion as failing to assert a proper basis for reconsideration under Local Civil Rule 7.1(i).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  A motion under Rule 7.1(i) requires the moving party to "set[] forth concisely the matter or controlling decisions which the party believes the [court] has overlooked."  L. Civ. R. 7.1(i).  A motion under Rule

7.1(i) may be granted if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). *See also North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir 1995). Reconsideration of a judgment is an extraordinary remedy, to be granted sparingly, "and only when 'dispositive factual matters or controlling decisions of law' were brought to the court's attention but not considered." *P. Schoenfeld Asset Management LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (quoting *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987)). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* at 352.

Here, Plaintiff asks the Court to reconsider its decision in light of the fact that Plaintiff inadvertently neglected to include the CV of his expert, Dr. Holloway, as part of the record on summary judgment. (Pl.'s Br. 2.) However, "[a] party may not submit evidence which was available prior to the issuance of the challenged order." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 535 (D.N.J. 1998) ("[A party] cannot withhold data or detail in connection with the [original] Motion …, wait for a decision on that motion and then attempt to dissect the decision and submit information which should have been presented earlier."). Plaintiff fails to present proper grounds for reconsideration under Rule 7.1(i).

### B.   Fed. R. Civ. P. 60(b)

While the filing of a notice of appeal does not divest a district court of jurisdiction to entertain a subsequent motion under Fed. R. Civ. P. 60(b), the district court only has jurisdiction to deny — but not to grant — the motion. *See, e.g.*, *United States v. Contents of Accounts*, 971 F.2d 974, 988 (3d Cir. 1992); *Venen*, 758 F.2d at 123. If the district court desires to grant the Rule 60(b) motion, it should certify its intention to the appellate court, at which point the appellant may move in the court of appeals for a remand of the case. *Main Line Fed. Savings & Loan Ass'n v. Tri-Kell*, 721 F.2d 904, 906 (3d Cir. 1983). In any event, the district court must either deny the Rule 60(b) motion or certify its intention to grant it before the appellate court may properly proceed to a review of the merits of the appeal. *Contents of Accounts*, 971 F.2d at 988.

Here, the Court must deny Plaintiff's Rule 60(b) motion. The Third Circuit has consistently held that "Rule 60(b) 'provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances.'" *Vecchione v. Wohlgemuth*, 558 F.2d 150, 159 (3d Cir. 1977) (quoting *Mayberry v Maroney*, 529 F.2d 332, 335 (3d Cir. 1976).

The test for "excusable neglect" is an equitable one which requires us to weigh the totality of the circumstances. *Welch & Forbes, Inc. v. Cendant Corp.*, 234 F.3d 166, 171 (3d Cir. 2000) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. LP*, 507 U.S. 380, 395 (1993)). In particular, we must consider (1) the danger of prejudice; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay (including whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith. *See Pioneer*, 507 U.S. at 395.

With respect to prejudice and the potential impact on the judicial proceedings in this matter of an order vacating summary judgment, the Court notes that relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987) (quoting *Martinez-McBean v. Government of the Virgin Islands*, 562 F.2d 908, 913 (3d Cir. 1977)). The Court notes that judgment in this matter was not entered by default, or without the benefit of a proper response by Plaintiff. To the contrary, Plaintiff had over 30 days to respond to the Defendant's motion for summary judgment, and submitted a lengthy and detailed response with 42 exhibits which were thoroughly reviewed by this Court. The Court also considered Plaintiff's sur-reply, even though it was submitted without the Court's permission in violation of Local Civil Rule 7.1(d)(6). Neither the Court nor the Defendant should be forced to reevaluate the propriety of summary judgment in this case absent an extraordinarily compelling justification.

After considering the reasons Plaintiff offers for the delay, the Court concludes that no such justification is present in this case. The Court notes that "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. The Court remains mindful of Plaintiff's *pro se* status, and indeed has afforded Plaintiff's submissions considerable latitude. *See Sarmiento*, 2007 U.S. Dist. LEXIS 33969,

at *5 n.2.  However, the Court also observes that Plaintiff is a highly educated individual with a Ph.D., and that there is no reason for this Court to conclude that Plaintiff is not capable of understanding this Court's local rules or the Federal Rules of Civil Procedure.

Finally, advancing supporting facts which were available for presentation when the original summary judgment motion was briefed is simply not the purpose of a Rule 60(b) motion.  *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  For all the foregoing reasons, Plaintiff's motion under Rule 60(b) must be denied.

## II.    Plaintiff's Motion is Meritless

Notwithstanding the above obstacles to Plaintiff's motion, the Court notes that granting the relief Plaintiff requests would not result in a reversal of this Court's earlier ruling on summary judgment.

First, the inclusion of Dr. Holloway's CV would not render Dr. Holloway's report competent evidence under Rule 56(e) of the Federal Rules of Civil Procedure.  This Court previously found that Dr. Holloway's report failed to meet the requirements of Rule 56(e) that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  *See Sarmiento*, 2007 U.S. Dist. LEXIS 33969, at *25 n.6.  We observed that Dr. Holloway's report was unsworn, and was not in the form of an affidavit.  We also observed that neither Plaintiff's affidavit nor Dr. Holloway's report gave any indication that Dr. Holloway was competent to render an opinion on the matters discussed in the report.  The inclusion of Dr. Holloway's CV alone would not correct these deficiencies.[2]

---

[2]     Dr. Holloway's report indicates that he is a Professor in the Department of Anthropology at Columbia University, and his CV evidences a long and distinguished academic career.  However, neither the report nor the combination of the report and CV serves to enlighten the Court as to any expertise Dr. Holloway may have on the process of academic hiring.  There is no indication, for example, that Dr. Holloway served on a hiring committee at Columbia, or that he had any other experience which would have given him particular familiarity

Second, the inclusion of Dr. Holloway's report would not alter the Court's conclusion that summary judgment in favor of Defendant was the appropriate result. To succeed in demonstrating that MSU's proffered reasons were pretextual, Plaintiff was required to present evidence suggesting "not merely that the employer's proffered reason was wrong, but that it was so plainly wrong that it cannot have been the employer's real reason." *Keller v. Orix Credit Alliance*, 130 F.3d 1101, 1109 (3d Cir. 1997). This rigorous standard is placed on a plaintiff because "federal courts are not arbitral boards ruling on the strength of [the employment decision]. The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is [discrimination]." *Id.* (citing *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996)).

In granting summary judgment for MSU, this Court found that MSU had repeatedly and consistently emphasized that Plaintiff was not selected for an interview because the Committee felt that his application portrayed him as a highly specialized researcher whose area of specialization was not as appropriate to the needs of MSU and its students as those of the successful finalists. *See Sarmiento*, 2007 U.S. Dist. LEXIS 33969, at \*\*26-27. We noted that if the Committee's assessment of Plaintiff's credentials was reasonable, and the basis for its decision race-neutral, Plaintiff could not obtain relief under Title VII merely by showing that the Committee's assessment was ultimately inaccurate. *Id.* (citing *Sarmiento v. Queens College CUNY*, 386 F. Supp. 2d 93, 112 (E.D.N.Y. 2005), *aff'd*, 153 Fed. Appx. 21 (2d Cir. 2005)).

Here, Dr. Holloway's report is offered in support of Plaintiff's contention that Plaintiff was obviously more qualified for the position at MSU than the three interviewed finalists. Having the benefit of Dr. Holloway's CV, the Court appreciates that he is an accomplished Professor of Anthropology at Columbia University. Dr. Holloway's report, however, merely represents *his own* subjective assessment of Plaintiff's credentials relative to those of the three finalists for the position at MSU, and *his own* opinion that "there is no clear objective reason" why Plaintiff was not offered the position. The report does not contradict or even directly challenge the primary reasons proffered by MSU regarding its hiring

---

with the various factors and indicia that are relevant to academic hiring decisions at an institute of higher education.

decision — specifically, the Committee's conclusion that Plaintiff's area of specialization was less appropriate for the position than the finalists'. The substance of Dr. Holloway's report, therefore, is of little value in deciding the ultimate questions before this Court on summary judgment. Its inclusion would not have affected the Court's decision.

Even if the Court were to consider Dr. Holloway's conclusions, therefore, this Court would not find that a reasonable trier of fact could conclude that MSU's explanations were pretextual.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED**. An appropriate Order accompanies this Letter Opinion.

    s/ William J. Martini
**William J. Martini, U.S.D.J.**